UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

PAUL SEERAG, individually and on behalf
of others similarly situated,

                               **MEMORANDUM & ORDER**
           Plaintiff,         25-CV-2402 (EK)(ST)

        -against-

UB HOUSE LLC et al.,

              Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

      Defendants UB House LLC, UB Rental LLC, and

Cornerstone Heights, LLC (the "LLC Defendants") own and operate

student housing in Manhattan and Buffalo, New York.  Compl.

¶ 30, ECF No. 17.  Plaintiff Paul Seerag worked for the LLC

Defendants as a handyman and construction worker.  *Id.* ¶¶ 1, 2,

6.[1]  Invoking the Court's federal question and supplemental

jurisdiction, Seerag brings two kinds of claims against his

former employers: (1) he alleges that he was underpaid; and

(2) he alleges that he fell off a ladder while on the job and

was injured.  *Id.* ¶¶ 16-19.

---

[1] The individual defendants are Marlon Browar, Dean J. Segal, and Elliot
Browar.  Seerag alleges that they owned and controlled the LLC Defendants.
Compl. ¶ 32.  As discussed below, Elliot Browar disputes that he ever had an
ownership interest in the LLC Defendants.

Defendants have filed a narrow motion addressing two specific issues.  *First*, they move to dismiss Seerag's negligence claim for lack of supplemental jurisdiction, arguing that there is an inadequate nexus between his negligence claim and his federal wage and hour claims.  *Second*, defendant Elliot Browar moves for summary judgment on all claims against him, contending that there is no evidence he was ever Seerag's employer.  For the reasons set forth below, defendants' motion is granted in part and denied in part.

## I.    Discussion

### A.    Motion to Dismiss Seerag's Negligence Claim

On a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court construes "all ambiguities and draw[s] all inferences in [the plaintiff's] favor."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.*

Seerag's negligence claim lacks a common nucleus of operative fact with his Fair Labor Standards Act ("FLSA") claims that would support supplemental jurisdiction.  Seerag invokes the Occupational Safety and Health Act of 1970 ("OSHA"), but OSHA does not provide a private right of action.  Accordingly, we dismiss Seerag's OSHA and negligence claims.  For similar

2

reasons, we also dismiss Seerag's workplace safety claims under the New York Labor Law ("NYLL").

1. OSHA Does Not Create a Private Right of Action

Seerag's OSHA claim (Count XIV) must be dismissed for lack of subject matter jurisdiction because OSHA does not provide employees with a private right of action. *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983); *see also Shahid v. Brooklyn Legal Servs. Corp.*, 114 F. App'x 35, 36 (2d Cir. 2004) (claim under the Legal Services Corporation Act "was properly dismissed for lack of subject matter jurisdiction" because it "does not provide a private right of action").[2]  Although defendants did not raise this issue in their briefing, that is of no matter.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter

---

[2] The Supreme Court has cautioned that "the absence of a federal private right of action [is] evidence relevant to, but not dispositive of" the question of whether a court has federal question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005) (referencing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986)). But plaintiff does not argue that this is the rare case in which federal question jurisdiction arises from "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809; *see* Pl.'s Opp'n ¶¶ 5-9, ECF No. 22.

3

jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

2.   The Court Lacks Supplemental Jurisdiction Over <u>Seerag's Negligence Claim</u>

Turning to Seerag's negligence claim, because there is no diversity between the parties, *see* Compl. ¶¶ 19-25, the only possible basis for jurisdiction is 28 U.S.C. § 1367.  Section 1367 provides for "supplemental jurisdiction" over all "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "[D]isputes are part of the 'same case or controversy' within § 1367 when they derive from a common nucleus of operative fact."  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006).

Here, there is no common nucleus of operative fact between Seerag's negligence claim and his remaining federal claims for failure to pay the minimum wage and overtime under the FLSA.  The only connection between those claims is that they arise from Seerag's employment relationship with defendants. And courts in this circuit have consistently found that "the employment relationship itself is insufficient to create a common nucleus of operative fact between a FLSA claim and a state law, non-wage claim."  *Johnson v. Corp. Express, Inc.*, 2022 U.S. Dist. LEXIS 60826 at *8 (E.D.N.Y. March 31, 2022); *see*

4

*also Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 468 (S.D.N.Y. 2008) (finding that an "employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting plaintiffs' federal overtime claims and [defendant's] state law counterclaims"). Accordingly, Seerag's negligence claim is dismissed.

For the same reasons, we must dismiss Seerag's workplace safety claims under Sections 200, 240(1), and 241(6) of the NYLL, which bear no nexus to his federal wage and hour claims. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he court *sua sponte*, at any stage of the proceedings, may raise the question of whether [it] has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory.").

**B.   Defendant Elliot Browar's Motion for Summary Judgment**

Summary judgment is appropriate when there is no genuine dispute of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). "A fact is material if it might affect the outcome of the suit under governing law." *Id.*

5

The movant bears the burden of showing that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant carries that burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). If the nonmoving party fails to do so, the Court should grant summary judgment. In performing this analysis, the Court resolves all ambiguities and draws all inferences in favor of the nonmoving party. *E.g.*, *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

1.   The Court Will Consider Seerag's Untimely Affidavit

On November 19, 2025, the Court set a briefing schedule for defendants' anticipated motion to dismiss. *See* docket order dated Nov. 19, 2025. Defendants were to serve their motion by December 19, and plaintiff was to serve his response by January 16. Defendants served the instant motion to dismiss and / or for summary judgment — along with a supporting affidavit from Elliot Browar — on plaintiff in a timely fashion. But defendants never received opposition papers from plaintiff. *See* Burke Aff. ¶¶ 8-10, ECF No. 21-3. It was not until January 27 — the day after the deadline for defendants to serve their

6

reply and file the fully briefed motion on the docket — that plaintiff finally filed his opposition brief and supporting affidavit.  *See* ECF Nos. 22, 22-1.

On May 29, 2026, we ordered Seerag to show cause on or before June 3 why the Court should not "exercise its discretion to disregard arguments made in [his] untimely papers."   *See* docket order dated May 29, 2026 (quoting *Titus-Phillips v. Brit. Airways PLC*, No. 20-CV-5100, 2022 WL 1177306, at *4 (E.D.N.Y. Apr. 20, 2022)).  Seerag did not respond.  Missing one court-ordered deadline — let alone multiple court-ordered deadlines — is not to be commended.  Nonetheless, we will consider Seerag's opposition papers, given the shift in procedural posture and the importance of Seerag's affidavit to evaluating whether any material disputes of fact remain.

2.   Seerag's Affidavit Creates a Genuine Dispute of <u>Material Fact</u>

Considering both Browar and Seerag's affidavits, there is a material dispute of fact that precludes summary judgment. Elliot Browar's affidavit denies any affiliation with the LLC Defendants that would render him an "employer" subject to the FLSA and NYLL.  Browar Aff. ¶¶ 3-8, ECF No. 21-1; *see also Charvac v. M & T Project Managers of New York, Inc.*, 2015 WL 5475531 at *2 (E.D.N.Y. Jun 17, 2015) ("The FLSA and NYLL apply only to 'employers.'").  Seerag, by contrast, contends that

7

Elliot Browar hired him on behalf of the LLC Defendants, supervised him at a worksite in Buffalo, and had the authority to fire him. *See* Seerag Aff. ¶¶ 2-3.  This is sufficient to raise a genuine question regarding whether Elliot Browar was Seerag's employer for purposes of the FLSA and NYLL.

The Supreme Court has instructed that, under the FLSA, the test of whether an employer-employee relationship exists should be grounded in "economic reality rather than technical concepts." *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961).  To this end, the Second Circuit has developed different tests to measure, as appropriate, a purported employer's "formal" and "functional" control over an FLSA plaintiff. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008).  And because "[d]istrict courts in this Circuit have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA," the same analysis applies to both. *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (collecting cases).

Viewed in the light most favorable to Seerag, his affidavit creates a genuine dispute of fact regarding whether the "formal control" factors laid out in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984), are satisfied.  Those factors are: "whether the alleged employer (1) had the power to

hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12. Elliot Browar denies that he had the power to hire, fire, or take "employment action of any kind in connection with the [LLC Defendants'] employees." Browar Aff. ¶ 8. Indeed, Elliot Browar denies holding any ownership interest in, or receiving any compensation from, the LLC Defendants altogether. *Id.* ¶¶ 3-4, 9. Seerag contravenes that testimony, however, asserting that it was Elliot Browar himself who hired Seerag and supervised him on the job. Seerag Aff. ¶ 2.

Without further evidence, the question of whether Elliot Browar was Seerag's employer turns entirely on an evaluation of each affiant's credibility. But "[c]redibility determinations are inappropriate at the summary judgment stage." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 820 (2d Cir. 2014). Accordingly, Elliot Browar's motion is denied.

**C.  Seerag's Wage Notice and Wage Statement Claims**

No defendant has questioned Seerag's standing to bring his NYLL wage statement or wage notice claims (Counts VI and VII). But again, because the issue implicates its subject-matter jurisdiction, the Court has an affirmative obligation to

9

evaluate whether standing exists as to each of Seerag's claims. *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006).

Numerous courts in the Second Circuit have concluded that employees lacked standing to bring NYLL wage statement and wage notice claims when they failed to allege any concrete injury traceable to such violations. *See Choi v. SD Tools, Inc.*, No. 19-CV-2008, 2024 WL 4989224, at *16 (E.D.N.Y. Dec. 5, 2024) (collecting cases). "[T]echnical violations of the Labor Law" are not enough; rather, a plaintiff "must allege actual injuries suffered as a result of the alleged wage notice and wage statement violation." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024). Accordingly, Seerag will be ordered to show cause why these claims should not be dismissed for lack of subject-matter jurisdiction.

## II. Conclusion

Counts X, XI, XII, XIII, and XIV of the Complaint are dismissed. But Elliot Browar's motion for summary judgment is denied. Seerag is also ordered to show cause by August 17 why his NYLL wage notice and wage statement claims should not be dismissed for lack of subject-matter jurisdiction. Seerag's submission should not exceed 750 words. The parties are also directed to submit a joint status report to Magistrate Judge

Tiscione by August 10.  That report should address, among other things, the status of discovery.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 3, 2026
          Brooklyn, New York

11