**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PAUL SEERAG,

Plaintiff,

-against-

UB RENTAL LLC, et al.,

Defendants.

***<u>SUA SPONTE</u>* <u>REPORT AND RECOMMENDATION</u>**
**2:25-cv-02402-EK-ST**

**TISCIONE, United States Magistrate Judge:**

On April 30, 2025, Paul Seerag ("Plaintiff") commenced this action alleging violations of New York Labor Law ("NYLL") §§ 190 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See* Complaint, ECF No. 1. Named in the complaint are three corporate entities—UB House LLC, UB Rental LLC, and Cornerstone Heights, LLC—and three individuals—Dean J. Segal, Elliot Browar and Marion Browar ("Defendants").

This Court scheduled an initial conference for August 12, 2025. *See* ECF No. 9. Defendants then filed a letter indicating their intent to move to dismiss Plaintiff's tenth cause of action and all causes of action against Elliot Browar. *See* ECF No. 10.

The initial conference was held and all Parties appeared. *See* ECF No. 12. At the conference, discovery deadlines were set, and a settlement conference was scheduled for November 3, 2025. *Id*.

On August 13, 2025, one day after the initial conference where all Parties appeared, Plaintiff requested a Certificate of Default for failure to file an answer. *See* ECF No. 13. Defendants opposed, citing their pre-motion letter in anticipation of dismissal. *See* ECF No. 14. As such, the Certificate of Default was not issued.

Judge Komitee then scheduled a pre-motion conference for October 17, 2025. *See* 9/24/2025 Scheduling Order. Plaintiff failed to appear. *See* October 17, 2025 Minute Entry.

Following the conference, Judge Komitee issued the following Order to Show Cause:

> Plaintiff asserts that venue in this district is proper as "a substantial portion of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Student Housing properties [*sic*] located in this district." However, Plaintiff has not alleged that all Defendants are residents of the State of New York. And Plaintiff's claims arise from his employment for Defendants in the Western District of New York. Plaintiff is therefore ordered to show cause by October 29, in a letter not to exceed three pages, why this case should not be transferred to the United States District Court for the Western District of New York. See 28 U.S.C. § 1406. Given the failure to appear at today's conference, counsel should obtain the transcript, which will contain assertions by defense counsel regarding the district of residence of certain defendants.

*See* 10/17/2025 Order to Show Cause. Plaintiff failed to establish proper venue, and Judge Komitee granted fourteen days to submit an amended complaint that pleads facts sufficient to establish venue. *See* 11/3/2025 Order. On November 10, 2025, Plaintiff filed his Amended Complaint establishing venue. *See* ECF No. 17 & 11/19/2025 Order.

On January 26, 2026, Defendants moved to dismiss Plaintiff's tenth cause of action and all causes of action alleged against Elliot Browar. *See* ECF No. 21. On January 27, 2026, Plaintiff filed his opposition. *See* ECF No. 22. Judge Komitee then issued an Order to Show Cause giving Plaintiff until June 3, 2026, to establish why the Court should not disregard the opposition for failure to serve in a timely fashion. *See* 5/29/2026 Order to Show Cause.

Plaintiff missed that deadline and on August 3, 2026, Judge Komitee issued the following Order:

> Counts X, XI, XII, XIII, and XIV of the Complaint are dismissed. But Elliot Browar's motion for summary judgment is denied. Seerag is also ordered to show cause by August 17 why his NYLL wage notice and wage statement claims should not be dismissed for lack of subject-matter jurisdiction. . . . The parties are also directed to submit a joint status report to Magistrate Judge Tiscione by August

> 10. That report should address, among other things, the status of discovery.

*See* 8/3/2026 Order.

On August 10, 2026, Defendants filed a letter alerting the Court they had not received *any* discovery demands or substantive communication from Plaintiff since December 2025. *See* ECF No. 24. This Court immediately scheduled a conference for August 27, 2026 to discuss the issues raised. *See* 8/11/2026 Scheduling Order.

On August 19, 2026, Judge Komitee issued an order dismissing Plaintiff's NYLL wage notice and wage statement claims for failure to respond to the Order to Show Cause. *See* 8/19/2026 Order.

On August 27, 2026, this Court held a conference and Plaintiff failed to appear. *See* 8/27/2026 Minute Entry. A subsequent conference was scheduled for September 22, 2026, and the following warning was issued: "Plaintiff is ordered to appear at the conference and is expressly warned that failure to appear will result in sanctions, up to and including dismissal of this action for failure to prosecute." *Id*.

On September 22, 2026, a conference was held and Plaintiff again failed to appear. *See* ECF No 26. The following Minute Entry was issued: "Plaintiff failed to appear for the conference once again despite being ordered to do so and expressly warned that failure to appear would result in sanctions. Plaintiff also failed to respond to the District Court's Order to Show Cause and has made no attempt to contact Defense counsel in more than eight months. Accordingly, this Court will recommend that this matter be dismissed for failure to prosecute." *Id*.

As such, this Court recommends the District Court DISMSS this action for failure to prosecute.

**DISCUSSION**

"A district court may, *sua sponte,* dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citation omitted). Rule 41(b) reads, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. The Second Circuit has established five factors to determine whether dismissal is appropriate:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Here, all five factors are met.

First, the eight-month radio silence on Plaintiff's behalf constitutes a significant period of time. Especially where Plaintiff failed to comply with two scheduling orders and several Orders to Show Cause issued by Judge Komitee in such duration. While there is not bright line rule, "[d]elays of several months have been found to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases). Indeed, cases where the Second Circuit has reversed dismissal on grounds of duration were significantly shorter. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (39 days); *Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 486 (2d Cir. 1994) (less than two months).

Second, Plaintiff received adequate notice that continued inaction would result in dismissal. Plaintiff was expressly warned that failure to appear for a second conference could result in dismissal. *See* ECF No. 25. Even though "a District Court may dismiss a complaint for failure

to prosecute even without affording notice of its intention to do so[,]" this Court provided Plaintiff more than adequate notice. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962).

Third, Defendants will be prejudiced with further delay. Defendants have conducted adequate motion practice, attempted to engage in discovery, and attended all scheduled conferences. While in the age of telephonic communication, dialing into a conference is not a particularly overwhelming burden, "[p]rejudice may be presumed as a matter of law in certain cases[.]" *Drake*, 375 F.3d at 256. "A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable." *Caussade*, 293 F.R.D. at 630. Here, with eight months of inactivity and no explanation for the delay, prejudice may be presumed. *See e.g., Velt Corp. v. United States*, No. 19CV05463MKBST, 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020), *report and recommendation adopted,* No. 19CV5463MKBST, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020).

The fourth factor asks whether a district court has struck the proper balance between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and consider the plaintiff's "interest in prosecuting [its] case." *Caussade*, 293 F.R.D. at 631. Here, this Court has carefully balanced the need to clear a congested docket with Plaintiffs' right to have a day in court. Indeed, this Court has tried to give Plaintiff multiple days in court, which Plaintiff did not attend. Plaintiff has shown no interest in prosecuting the case and dismissal is appropriate.

Fifth, where "the Plaintiff has effectively disappeared, as he has not communicated with the Court, despite repeated orders by this Court to comply" dismissal is the appropriate sanction. *Velt Corp.*, at *3; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999); *S. New*

*England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010). True, "dismissal is a harsh remedy to be utilized only in extreme situations." *Minnette*, 997 F.2d at 1027. Eight months of inactivity certainly fits the bill.

## CONCLUSION

This Court respectfully recommends the District Court DISMISS this case for failure to prosecute.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
October 9, 2026